UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL A. GARCIA,**

    Petitioner,

vs.                                              Case No. 8:21-cv-1060-T-27TGW
                                                    Crim. Case No. 8:08-cr-256-T-27TGW

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum of Law in Support (cv Dkt. 2), and the United States' Response in Opposition (cv Dkt. 7). Upon review, Garcia's § 2255 motion is **DENIED**.

**BACKGROUND**

In 2008, Garcia was indicted and charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and a quantity of 3,4-methylenedioxymethamphetamine (MDMA or ecstasy), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii) and 841(b)(1)(C) (Count One), possession with intent to distribute cocaine and MDMA (ecstasy), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Counts Two through Twelve), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Thirteen). (cr Dkt. 1). Prior to the filing of the Indictment in "*Garcia-I*," Garcia

1

had also been suspected of involvement in a murder-for-hire scheme.[1] (cv Dkt. 2 at 5); (cv Dkt. 7 at 2-4). After being arrested and arraigned in *Garcia-I*, Garcia attended a proffer with government agents and admitted to being part of the contract murder. (cv Dkt. 2 at 5-6); (cv Dkt. 7 at 3). As part of the scheme, Garcia agreed to find someone who would commit the murder of Thomas Lee Sehorne in exchange for $60,000. (cv Dkt. 7 at 2). Garcia and another individual eventually drove to Sehorne's home, where Sehorne was shot and killed. (Id.). As both parties assert, throughout the pendency of *Garcia-I*, Garcia cooperated with law enforcement in the murder investigation. (cv Dkt. 2 at 2-3, 5, 7-8); (cv Dkt. 7 at 3-5). He recorded phone conversations with his co-conspirators, directed detectives to the murder weapon, and eventually testified in 2012 at trial against the individual who shot and killed Sehorne. (Id.).

On February 26, 2009, Garcia pleaded guilty in *Garcia-I* to all counts without a plea agreement. (cr Dkt. 44); (cr Dkt. 69 at 1). On June 16, 2010, the United States filed a motion requesting a two-level downward departure pursuant to U.S.S.G. § 5K1.1 based on Garcia's substantial assistance. (cv Dkt. 66). On June 17, 2010, during the sentencing, the United States stated that Garcia had, and would continue to, cooperate with law enforcement and that his cooperation had "been helpful . . . to the extent that [the United States] believe[s] that there is sufficient justification to file a motion and to ask the court to depart two levels." (cv Dkt. 7 at 4); (cr Dkt. 79 at pp. 23-24). The Court granted the motion, departed 2 levels, and sentenced Garcia to 210 months of imprisonment, followed by 5 years of supervised release. (cr Dkt. 68); (cr Dkt. 69 at 2-3). Judgment was entered on June 28, 2010. (cr Dkt. 69). Garcia did not appeal.

---

[1] Both parties assert that Garcia's drug case and his murder-for-hire case are "inextricably intertwined." (cv Dkt. 2 at 1); (cv Dkt. 7 at 2). For ease of reference, Garcia's drug case, 8:08-cr-256-T-27TGW, will be referred to as *Garcia-1*, and Garcia's murder-for-hire case, 8:11-cr-269-T-23AEP, will be referred to as *Garcia-II*.

In 2011, Garcia was charged by Information with using and conspiring to use interstate commerce facilities in the commission of murder for hire for his participation in Sehorne's murder, in *Garcia-II*. (cv Dkt. 7 at 4-5). A plea agreement between Garcia and the United States was filed the same day, by which Garcia agreed to plead guilty to all counts included in the Information. (Id. at 5). As part of the plea agreement, the United States agreed not to oppose his request to the sentencing court that any imposed sentence run concurrently with the sentence in *Garcia-I*. (Id.). Garcia pleaded guilty and continued to assist the United States in the prosecution of the other individuals related to Sehorne's murder. (cv Dkt. 2 at 3); (cv Dkt. 7 at 4-5).

In 2012, after Garcia testified for the United States, the United States filed a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 in *Garcia-II*. (Id.). In the motion, the United States explained the extent of Garcia's cooperation and requested the court grant a reduction in Garcia's sentence to a range between 210 and 262 months imprisonment and that the sentence run concurrently with his sentence in *Garcia-I*. (cv Dkt. 7 at 4-5). At the *Garcia-II* sentencing in 2013, the United States again detailed Garcia's cooperation in the murder case and recommended that he be sentenced to a term of imprisonment of 210 months to run concurrently with the sentence in *Garcia-I*. (Id. at 5-6). When asked about the prospect of the United States filing a motion pursuant to Federal Rule of Criminal Procedure 35 in *Garcia-I*, the United States replied that it had "no plans at this time to bring such a motion." (cv Dkt. 2 at 3, 8); (cv Dkt. 7 at 6).

Ultimately, the sentencing court disagreed with the United States' recommendation and sentenced Garcia to a term of imprisonment of 236 months, to run consecutively to the sentence in *Garcia-I*. (cv Dkt. 2 at 3); (cv Dkt. 7 at 6). Garcia appealed this sentence, but his appeal was dismissed by the Eleventh Circuit Court of Appeals. (cv Dkt. 7 at 6-7). His attempt to collaterally

3

attack the *Garcia-II* sentence by filing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence was denied.[2] (cv Dkt. 2 at 8); (cv Dkt. 7 at 7). And his applications for a certificate of appealability and to proceed *in forma pauperis* were denied by both the district court and the Eleventh Circuit Court of Appeals. (cv Dkt. 2 at 8-9); (cv Dkt. 7 at 7-8).

Garcia now attempts to collaterally attack his sentence in *Garcia-I*. (cv Dkts. 1, 2). In his § 2255, Garcia raises the following claim, Ground One: "Failure of the government to file a Rule 35(b) motion as it had promised at the sentenced hearing." (cv Dkt. 1 at 4); (cv Dkt. 2 at 10).[3] Specifically, he contends that he "brings this motion at this time due to government interference. For the government has acted in bad faith by failing to fulfill its promise to file a Rule 35(b) motion made at the sentencing hearing on June 17, 2010 in *Garcia I*." (cv Dkt. 2 at 1). As the United States correctly contends, Garcia's claims are untimely, and in any event, without merit.[4]

## DISCUSSION

*Timeliness*

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations to file a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

---

[2] Notably, Garcia moved to amend his § 2255 motion to include a claim that the United States violated its promise made to him in *Garcia-I* to file a motion under Rule 35, Fed. R. Crim. P. (cv Dkt. 2 at 8); (cv Dkt. 7 at 7); *Garcia v. United States*, No. 8:14-cv-2208-T-23TGW, ECF: 30 at p. 2 (Mar. 27, 2019). The district court denied Garcia's request, finding that "the proposed amendment is time-barred and . . . because the alleged promise for a reduction under Rule 35 is not for the underlying conviction." (Id.).

[3] A *pro se* prisoner's pleading is deemed filed on the date the prisoner delivers the pleading to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] No evidentiary hearing is required because the § 2255 motion "and the files and records of the case conclusively show that [Garcia] is entitled to no relief." 28 U.S.C. § 2255(b).

>    if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Garcia does not dispute that he failed to file his motion within one year of when his judgment of conviction became final.[5] Rather, he contends that he "lost the opportunity to file a timely 28 U.S.C. § 2255 motion due to his ongoing cooperation and testimony." (cv Dkt. 2 at 11). To the extent Garcia contends that the limitation period began to run on a later date under § 2255(f), his contentions are without merit. As the United States correctly observes, on January 23, 2013, the date Garcia was sentenced in *Garcia-2*, the United States stated, on the record, that it would not be filing a motion under Rule 35 in this case, *Garcia-1*. (cv Dkt. 7 at 9). Therefore, any alleged "impediment to making a motion created by governmental action" – the United States' decision not to file the Rule 35 motion – was removed. *See* § 2255(f)(2); *see also* § 2255(f)(4). However, Garcia did not bring a motion to challenge the United States' decision not to file a Rule 35 motion in this case, *Garcia-1*, until April 21, 2021. (cv Dkt. 1 at 4). And to the extent he contends that his

---

[5] The judgment in *Garcia-1* was entered on June 28, 2010. (cr Dkt. 69). Because he did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen days later, on July 12, 2010. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of . . . the judgment or the order being appealed . . . ."). He therefore had one year from July 12, 2010 to file a timely § 2255 motion. His motion was not filed until April 21, 2021, over 10 years after the limitations period expired. Accordingly, his § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

sentence is "incomplete" because the United States has not filed a Rule 35(b) motion and that "more information must be considered by the sentencing court for Mr. Garcia to have a fair sentence" (cv Dkt. 2 at 11), his contention is without merit. *See Murphy*, 634 F.3d at 1309 (holding that "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the 'date on which the judgment of conviction becomes final' for the purposes of the [AEDPA's] statute of limitations.") (citation omitted).

Accordingly, Garcia is unable to rely on § 2255(f)(2)-(4) to render his motion timely. And he does not contend there is any other basis to toll the statute of limitations.[6] The motion is therefore untimely. However, even if Garcia's claims are not untimely, they are without merit.

**Ground One**

In Ground One, Garcia contends that the United States promised at his sentencing in *Garcia-I* to file a Rule 35(b) motion after he provided cooperation, but that the United States failed to file such a motion after he provided cooperation. (cv Dkt. 2 at 2, 10). He asserts that the United States acted either inadvertently or in bad faith in failing to file the promised Rule 35(b) motion. (Id. at 1, 13-14, 17).

In support of his contention, Garcia points to a portion of the sentencing transcript that, according to him, "contain[s] all relevant material pursuant to promises made to movant. Said

---

[6] Garcia's assertions do not support a finding of equitable tolling, which requires him to show that he untimely filed "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (citations omitted). He fails to show extraordinary circumstances and due diligence. Actual innocence also provides an exception to the statute of limitations "when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (citation omitted). Garcia does not present evidence to support such a finding.

record indicates the Government intended to file a substantial assistance motion pursuant to the Federal Rules of Criminal Procedure, Rule 35(b) on behalf of Mr. Garcia." (Id. at 10). Specifically, he contends that the following statements by the United States created an oral promise to file a Rule 35(b) motion:

> MR. DOWNING:
>     . . .
> [Garcia's] cooperation has been continued, and it continues, and I -- fully expect him to continue that cooperation and that at some point we will be back before Your Honor to talk about some other things -- some other things, and Mr. Garcia knows that I have told him that.
>
> THE DEFENDANT: Yes, sir.
>
> MR. DOWNING: And I expect that to happen.
>     . . .
> And, again, I expect that at some later point we will be back to talk to Your Honor about a number of things; . . .
>     . . .
> [A]nd we think that that is an appropriate sentence at this time obviously with what I have previously said on the record about the expectation of his continuing cooperation.

(cr Dkt. 79 at pp. 23:24-25, 24:1-6, 25:8-11); (cv Dkt. 2 at 2, 10).

The United States responds that its "decision to not file a Rule 35 motion is not reviewable." (cv Dkt. 7 at 12). Specifically, the United States contends that the decision as to whether to file a Rule 35 motion is within the United States' discretion and is not subject to review unless the decision is based on an unconstitutional motive. (Id. at 14 (citing *United States v. McNeese*, 547 F.3d 1307 (11th Cir. 2008); *Wade v. United States*, 504 U.S. 181 (1992)). Upon review, the United States is correct.

Indeed, "the government['s] discretion to seek a substantial-assistance reduction is vast." *McNeese*, 547 F.3d at 1309. "The Supreme Court has held that [Fed. R. Crim. 35(b)] gives the

7

government 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *Id.* at 1308 (quoting *Wade*, 504 U.S. at 185). "[G]iven the discretionary nature of a Rule 35 motion, federal courts only have authority to review a prosecutor's refusal to file a substantial-assistance motion or grant a remedy if the refusal was based on an unconstitutional motive, such as race or religion." *United States v. Graham*, 517 F. App'x 882, 884 (11th Cir. 2013) (per curiam) (citing *Wade*, 504 U.S. at 185-86). Therefore, "judicial review is appropriate [only] when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-86).

"The only possible exceptions to this limitation on judicial authority are when a plea agreement unequivocally requires the government to file a substantial-assistance motion, or where an oral promise to do so induces a defendant to plead guilty." *Graham*, 517 F. App'x at 884 (citing *Forney*, 9 F.3d at 1499 n.2, 1502 n.5); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

Here, the sentencing transcript does not demonstrate that the United States made any promise to Garcia to file a Rule 35(b) motion. It follows, therefore, that Garcia's contention that the United States' statements at the sentencing "constitute a protective or anticipatory Rule 35(b) motion" is without merit. *See* (cr Dkt. 2 at 14). Moreover, and as the United States correctly contends, because the statements Garcia relies on were made at his sentencing, "they could not have created a promise between Garcia and the government to induce him to plead in the case." (cv Dkt. 7 at 16).

8

Second, the United States correctly notes that Garcia does not allege that the United States' refusal to file a Rule 35(b) motion was attributable to an unconstitutional motive. (Id. at 14). Rather, Garcia contends that the United States failed to file a Rule 35(b) motion in bad faith or inadvertently. (cv Dkt. 2 at 1, 13-14, 17). However, allegations of "bad faith" are insufficient to support a breach of promise claim against the United States. *See e.g.*, *Forney*, 9 F.3d at 1503 n.5 (noting that "the government's decision to make or withhold a [substantial assistance] motion is a form of prosecutorial discretion [ ] that is not reviewable for arbitrariness or bad faith") (citation omitted); *United States v. Uribe*, 486 F. App'x 823, 826 (11th Cir. 2012) (finding a defendant's "assertions that the government's refusal to file [a Rule 35 motion] was in bad faith or resulted from the government's undervaluing his cooperation are not sufficient to trigger judicial review"); *see also United States v. James*, 262 F. App'x 159, 161 (11th Cir. 2008) (noting that the Eleventh Circuit has not "construed *Wade* broadly enough to permit a court to grant a defendant relief when, absent an unconstitutional motive such as race, religion, or another arbitrary classification, the government's refusal to move for a reduction is not rationally related to any legitimate government end" (citing *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000); *Forney*, 9 F.3d at 1503 n.4)).

Accordingly, Garcia's claims are without merit as he has not alleged or provided evidence that the United States' failure to file a Rule 35 Motion was based on an "unconstitutional motive." *Wade*, 504 U.S. at 185-86.

### *Certificate of Appealability ("COA")*

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Garcia to demonstrate "that jurists of reason could disagree with the district court's

9

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Garcia's constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Accordingly, Petitioner Garcia's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Garcia, and to **CLOSE** this case.

**DONE AND ORDERED** this 10th day of August, 2021.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner; Counsel of Record